UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE MANNING

UNITED STATES OF AMERICA ) No. 00CR0539
)
v. ) Violations: Title 18, United
) States Code, Sections 922(d),
JEROME MCGEE ) 1951 & 1962(c); Title 21, United
) States Code, Section 846.
)

DOCKETED
JUL 1 2 2000

## COUNT ONE

MAGISTRATE JUDGE ASHMAN
**FILED**

The SPECIAL SEPTEMBER 1999 GRAND JURY charges:

JUL 12 2000

### The Enterprise

MICHAEL W. DOBBINS, CLERK
UNITED STATES DISTRICT COURT

1.    At times material to this indictment:

      a.    The Robbins Police Department was designated by the City of Robbins as an entity responsible for the enforcement of the laws of the State of Illinois and the ordinances of the City of Robbins.

      b.    The Robbins Police Department was an "enterprise," as that term is defined in Title 18, United States Code, Section 1961(4), which was engaged in, and the activities of which affected, interstate commerce.

      c.    Defendant JEROME MCGEE was employed by the Robbins Police Department as a sworn police officer holding the rank of Detective Sergeant and, as such, was responsible for investigating, among other crimes, unlawful narcotics trafficking within Robbins, Illinois.

      d.    "Individual A" was a narcotics dealer operating in the area of Robbins, Illinois. On or about November 8, 1995, Individual A began cooperating with law enforcement authorities in various undercover operations.

### Purposes, Means and Methods

2.     At times material to this indictment, defendant JEROME MCGEE misused his position with the Robbins Police Department for personal gain and profit.

3.     Among the means and methods by which defendant JEROME MCGEE conducted the affairs of the Robbins Police Department for his own personal gain and profit were the following:

a.     Defendant JEROME MCGEE did solicit and receive cash payments from Individual A, whom defendant understood to be in the business of selling illegal narcotics including crack cocaine, in exchange for the agreement of defendant JEROME MCGEE to use his position as a police officer to assist and protect Individual A's narcotics business;

b.     Defendant JEROME MCGEE did solicit and accept cash payments from Individual A in exchange for providing surveillance and security services for narcotics transactions in which Individual A participated;

c.     Defendant JEROME MCGEE did solicit and accept cash payments from Individual A in exchange for disregarding violations of narcotics laws by Individual A and failing to enforce narcotics laws against Individual A;

d.     Defendant JEROME MCGEE did solicit and accept cash payments from Individual A in exchange for providing Individual A with confidential information about the activities of other law enforcement authorities so that Individual A could avoid detection, and for providing Individual A with registration information relating to a certain Illinois motor vehicle license plate number that defendant obtained through access to a confidential law enforcement database; and

e.      Defendant JEROME MCGEE did conceal his criminal acts in order to avoid detection and to continue to misuse his position as an officer of the Robbins Police Department for personal gain and profit.

### The Racketeering Violation

4.      From in or about July 1995 to on or about June 6, 1996, at Robbins and Midlothian, in the Northern District of Illinois, Eastern Division, and elsewhere,

JEROME MCGEE,

defendant herein, being a person employed by and associated with an enterprise that engaged in, and the activities of which affected, interstate commerce, namely, the Robbins Police Department, knowingly and unlawfully conducted and participated, directly and indirectly, in the conduct of that enterprise's affairs through a pattern of racketeering activity, that is, through the commission of racketeering acts one through ten, as more fully set forth below in paragraphs six through fifteen of this count.

### The Pattern of Racketeering Activity

5.      The pattern of racketeering activity as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisted of the following acts:

### RACKETEERING ACT ONE

6.      From in or about July 1995 to on or about October 11, 1995, at Robbins and elsewhere, in the Northern District of Illinois, Eastern Division, defendant JEROME MCGEE unlawfully obtained cash payments from Individual A and thereby committed the acts set forth below, any one of which alone constitutes the commission of Racketeering Act One:

3

a.    <u>Federal Extortion Under Color of Official Right</u>

Defendant JEROME MCGEE did commit extortion as that term is used in Title 18, United States Code, Section 1951(b)(2), which extortion did affect and would have affected commerce, as that term is used in Title 18, United States Code, Section 1951(b)(3), and which extortion consisted of knowingly obtaining property in the form of multiple cash payments from another with consent obtained under color of official right, in violation of Title 18, United States Code, Section 1951(a);

b.    <u>State Bribery</u>

Defendant JEROME MCGEE committed an act involving bribery, in violation of 720 ILCS 5/33-1(d), in that defendant received, retained and agreed to accept property, namely, cash payments, which defendant was not authorized by law to accept, knowing that the property was promised and tendered with the intent to cause defendant to influence the performance of acts related to defendant's employment and function as a Robbins police officer;

c.    <u>Federal Narcotics Violations</u>

Defendant JEROME MCGEE did conspire and agree with Individual A to possess with intent to distribute and to distribute in excess of 50 grams of mixtures containing cocaine base (specifically, crack cocaine), a Schedule II Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Section 846, which offense is further set forth in Count Two of this indictment and incorporated herein by reference;

4

## RACKETEERING ACT TWO

7.     On or about February 15, 1996, at Robbins, in the Northern District of Illinois, Eastern Division, defendant JEROME MCGEE unlawfully obtained approximately $100 from Individual A and thereby committed the acts set forth below, any one of which alone constitutes the commission of Racketeering Act Two:

　　　　a.     <u>Federal Extortion Under Color of Official Right</u>

Defendant JEROME MCGEE attempted to commit extortion as that term is used in Title 18, United States Code, Section 1951(b)(2), which extortion would have affected commerce, as that term is used in Title 18, United States Code, Section 1951(b)(3), and which attempted extortion consisted of knowingly obtaining property in the form of a cash payment from another with consent obtained under color of official right, in violation of Title 18, United States Code, Section 1951(a), which offense is further set forth in Count Three of this indictment and incorporated herein by reference;

　　　　b.     <u>State Bribery</u>

Defendant JEROME MCGEE committed an act involving bribery, in violation of 720 ILCS 5/33-1(d), in that defendant received, retained and agreed to accept property, namely, a cash payment, which defendant was not authorized by law to accept, knowing that the property was promised and tendered with the intent to cause defendant to influence the performance of acts related to defendant's employment and function as a Robbins police officer.

5

## RACKETEERING ACT THREE

8.     On or about February 21, 1996, at Midlothian, in the Northern District of Illinois, Eastern Division, defendant JEROME MCGEE unlawfully obtained approximately $100 from Individual A and thereby committed the acts set forth below, any one of which alone constitutes the commission of Racketeering Act Three:

a.     <u>Federal Extortion Under Color of Official Right</u>

Defendant JEROME MCGEE attempted to commit extortion as that term is used in Title 18, United States Code, Section 1951(b)(2), which extortion would have affected commerce, as that term is used in Title 18, United States Code, Section 1951(b)(3), and which attempted extortion consisted of knowingly obtaining property in the form of a cash payment from another with consent obtained under color of official right, in violation of Title 18, United States Code, Section 1951(a), which offense is further set forth in Count Four of this indictment and incorporated herein by reference;

b.     <u>State Bribery</u>

Defendant JEROME MCGEE committed an act involving bribery, in violation of 720 ILCS 5/33-1(d), in that defendant received, retained and agreed to accept property, namely, a cash payment, which defendant was not authorized by law to accept, knowing that the property was promised and tendered with the intent to cause defendant to influence the performance of acts related to defendant's employment and function as a Robbins police officer.

6

**RACKETEERING ACT FOUR**

9.　　On or about March 1, 1996, at Robbins, in the Northern District of Illinois, Eastern Division, defendant JEROME MCGEE unlawfully obtained approximately $100 from Individual A and thereby committed the acts set forth below, any one of which alone constitutes the commission of Racketeering Act Four:

　　　　a.　　<u>Federal Extortion Under Color of Official Right</u>

　　　　Defendant JEROME MCGEE attempted to commit extortion as that term is used in Title 18, United States Code, Section 1951(b)(2), which extortion would have affected commerce, as that term is used in Title 18, United States Code, Section 1951(b)(3), and which attempted extortion consisted of knowingly obtaining property in the form of a cash payment from another with consent obtained under color of official right, in violation of Title 18, United States Code, Section 1951(a), which offense is further set forth in Count Five of this indictment and incorporated herein by reference;

　　　　b.　　<u>State Bribery</u>

　　　　Defendant JEROME MCGEE committed an act involving bribery, in violation of 720 ILCS 5/33-1(d), in that defendant received, retained and agreed to accept property, namely, a cash payment, which defendant was not authorized by law to accept, knowing that the property was promised and tendered with the intent to cause defendant to influence the performance of acts related to defendant's employment and function as a Robbins police officer.

## RACKETEERING ACT FIVE

10.     On or about March 7, 1996, at Robbins, in the Northern District of Illinois, Eastern Division, defendant JEROME MCGEE unlawfully obtained approximately $100 from Individual A and thereby committed the acts set forth below, any one of which alone constitutes the commission of Racketeering Act Five:

a.     <u>Federal Extortion Under Color of Official Right</u>

Defendant JEROME MCGEE attempted to commit extortion as that term is used in Title 18, United States Code, Section 1951(b)(2), which extortion would have affected commerce, as that term is used in Title 18, United States Code, Section 1951(b)(3), and which attempted extortion consisted of knowingly obtaining property in the form of a cash payment from another with consent obtained under color of official right, in violation of Title 18, United States Code, Section 1951(a), which offense is further set forth in Count Six of this indictment and incorporated herein by reference;

b.     <u>State Bribery</u>

Defendant JEROME MCGEE committed an act involving bribery, in violation of 720 ILCS 5/33-1(d), in that defendant received, retained and agreed to accept property, namely, a cash payment, which defendant was not authorized by law to accept, knowing that the property was promised and tendered with the intent to cause defendant to influence the performance of acts related to defendant's employment and function as a Robbins police officer.

8

## RACKETEERING ACT SIX

11.     From on or about March 15, 1996 to on or about March 19, 1996, at Robbins, in the Northern District of Illinois, Eastern Division, defendant JEROME MCGEE unlawfully obtained approximately $200 from Individual A and thereby committed the acts set forth below, any one of which alone constitutes the commission of Racketeering Act Six:

        a.      <u>Federal Extortion Under Color of Official Right</u>

Defendant JEROME MCGEE attempted to commit extortion as that term is used in Title 18, United States Code, Section 1951(b)(2), which extortion would have affected commerce, as that term is used in Title 18, United States Code, Section 1951(b)(3), and which attempted extortion consisted of knowingly obtaining property in the form of cash payments from another with consent obtained under color of official right, in violation of Title 18, United States Code, Section 1951(a), which offense is further set forth in Count Seven of this indictment and incorporated herein by reference;

        b.      <u>State Bribery</u>

Defendant JEROME MCGEE committed an act involving bribery, in violation of 720 ILCS 5/33-1(d), in that defendant received, retained and agreed to accept property, namely, a cash payment, which defendant was not authorized by law to accept, knowing that the property was promised and tendered with the intent to cause defendant to influence the performance of acts related to defendant's employment and function as a Robbins police officer.

9

## RACKETEERING ACT SEVEN

12.     On or about March 21, 1996, at Robbins, in the Northern District of Illinois, Eastern Division, defendant JEROME MCGEE unlawfully obtained approximately $200 from Individual A and thereby committed the acts set forth below, any one of which alone constitutes the commission of Racketeering Act Seven:

      a.    <u>Federal Extortion Under Color of Official Right</u>

Defendant JEROME MCGEE attempted to commit extortion as that term is used in Title 18, United States Code, Section 1951(b)(2), which extortion would have affected commerce, as that term is used in Title 18, United States Code, Section 1951(b)(3), and which attempted extortion consisted of knowingly obtaining property in the form of a cash payment from another with consent obtained under color of official right, in violation of Title 18, United States Code, Section 1951(a), which offense is further set forth in Count Eight of this indictment and incorporated herein by reference;

      b.    <u>State Bribery</u>

Defendant JEROME MCGEE committed an act involving bribery, in violation of 720 ILCS 5/33-1(d), in that defendant received, retained and agreed to accept property, namely, a cash payment, which defendant was not authorized by law to accept, knowing that the property was promised and tendered with the intent to cause defendant to influence the performance of acts related to defendant's employment and function as a Robbins police officer.

## RACKETEERING ACT EIGHT

13.     On or about April 19, 1996, at Robbins, in the Northern District of Illinois, Eastern Division, defendant JEROME MCGEE unlawfully obtained approximately $100 from Individual A and thereby committed the acts set forth below, any one of which alone constitutes the commission of Racketeering Act Eight:

        a.     <u>Federal Extortion Under Color of Official Right</u>

Defendant JEROME MCGEE attempted to commit extortion as that term is used in Title 18, United States Code, Section 1951(b)(2), which extortion would have affected commerce, as that term is used in Title 18, United States Code, Section 1951(b)(3), and which attempted extortion consisted of knowingly obtaining property in the form of a cash payment from another with consent obtained under color of official right, in violation of Title 18, United States Code, Section 1951(a), which offense is further set forth in Count Nine of this indictment and incorporated herein by reference;

        b.     <u>State Bribery</u>

Defendant JEROME MCGEE committed an act involving bribery, in violation of 720 ILCS 5/33-1(d), in that defendant received, retained and agreed to accept property, namely, a cash payment, which defendant was not authorized by law to accept, knowing that the property was promised and tendered with the intent to cause defendant to influence the performance of acts related to defendant's employment and function as a Robbins police officer.

## RACKETEERING ACT NINE

14.     On or about May 10, 1996, at Robbins, in the Northern District of Illinois, Eastern Division, defendant JEROME MCGEE unlawfully obtained approximately $250 from Individual A and thereby committed the acts set forth below, any one of which alone constitutes the commission of Racketeering Act Nine:

a.     <u>Federal Extortion Under Color of Official Right</u>

Defendant JEROME MCGEE attempted to commit extortion as that term is used in Title 18, United States Code, Section 1951(b)(2), which extortion would have affected commerce, as that term is used in Title 18, United States Code, Section 1951(b)(3), and which attempted extortion consisted of knowingly obtaining property in the form of a cash payment from another with consent obtained under color of official right, in violation of Title 18, United States Code, Section 1951(a), which offense is further set forth in Count Ten of this indictment and incorporated herein by reference;

b.     <u>State Bribery</u>

Defendant JEROME MCGEE committed an act involving bribery, in violation of 720 ILCS 5/33-1(d), in that defendant received, retained and agreed to accept property, namely, a cash payment, which defendant was not authorized by law to accept, knowing that the property was promised and tendered with the intent to cause defendant to influence the performance of acts related to defendant's employment and function as a Robbins police officer.

12

## RACKETEERING ACT TEN

15.     On or about May 30, 1996, at Robbins, in the Northern District of Illinois, Eastern Division, defendant JEROME MCGEE unlawfully obtained approximately $200 from Individual A and thereby committed the acts set forth below, any one of which alone constitutes the commission of Racketeering Act Ten:

a.      <u>Federal Extortion Under Color of Official Right</u>

Defendant JEROME MCGEE attempted to commit extortion as that term is used in Title 18, United States Code, Section 1951(b)(2), which extortion would have affected commerce, as that term is used in Title 18, United States Code, Section 1951(b)(3), and which attempted extortion consisted of knowingly obtaining property in the form of a cash payment from another with consent obtained under color of official right, in violation of Title 18, United States Code, Section 1951(a), which offense is further set forth in Count Eleven of this indictment and incorporated herein by reference;

b.      <u>State Bribery</u>

Defendant JEROME MCGEE committed an act involving bribery, in violation of 720 ILCS 5/33-1(d), in that defendant received, retained and agreed to accept property, namely, a cash payment, which defendant was not authorized by law to accept, knowing that the property was promised and tendered with the intent to cause defendant to influence the performance of acts related to defendant's employment and function as a Robbins police officer.

All in violation of Title 18, United States Code, Section 1962(c).

13

## COUNT TWO

The SPECIAL SEPTEMBER 1999 GRAND JURY further charges:

1.    Beginning in or about July 1995, and continuing to on or about October 11, 1995, at Robbins, in the Northern District of Illinois, Eastern Division, and elsewhere,

JEROME MCGEE,

defendant herein, conspired and agreed with a person known to the Grand Jury ("Individual A") to possess with intent to distribute and to distribute in excess of fifty (50) grams of mixtures containing cocaine base (specifically, crack cocaine), a Schedule II Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1);

2.    It was a part of the conspiracy that, while employed by the Robbins Police Department as a sworn police officer holding the rank of Detective Sergeant, defendant JEROME MCGEE solicited and accepted cash payments from Individual A in exchange for the agreement of defendant JEROME MCGEE to use his position as a police officer to assist and protect Individual A's business of selling illegal narcotics, including crack cocaine, in the area of Robbins, Illinois.

3.    It was further part of the conspiracy that, in exchange for the cash payments made by Individual A, defendant JEROME MCGEE provided assistance and protection to Individual A's unlawful narcotics business by (a) disregarding violations of narcotics laws by Individual A; (b) failing to enforce narcotics laws against Individual A; and (c) providing Individual A with confidential information about the activities of other law enforcement authorities so that Individual A could avoid detection by law enforcement authorities.

4.    It was further part of the conspiracy that, with the assistance and protection provided by defendant JEROME MCGEE, Individual A was able to, and did, possess with intent to distribute and distribute in excess of fifty (50) grams of mixtures containing crack cocaine.

5.    It was further part of the conspiracy that defendant JEROME MCGEE concealed and hid, and caused to be concealed and hidden, the purposes of and acts done in furtherance of the conspiracy in order to avoid detection and to continue to misuse his position as an officer of the Robbins Police Department for the purpose of furthering the unlawful narcotics business of Individual A;

In violation of Title 21, United States Code, Section 846.

## COUNT THREE

The SPECIAL SEPTEMBER 1999 GRAND JURY further charges:

On or about February 15, 1996, at Robbins, in the Northern District of Illinois, Eastern Division,

### JEROME MCGEE,

defendant herein, attempted to commit extortion which would have affected commerce, which attempted extortion consisted of knowingly obtaining property in the form of a cash payment of approximately $100 from Individual A, whom defendant JEROME MCGEE understood to be a narcotics dealer, with Individual A's consent obtained under color of official right;

In violation of Title 18, United States Code, Section 1951(a).

## COUNT FOUR

The SPECIAL SEPTEMBER 1999 GRAND JURY further charges:

On or about February 21, 1996, at Midlothian, in the Northern District of Illinois, Eastern Division,

### JEROME MCGEE,

defendant herein, attempted to commit extortion which would have affected commerce, which attempted extortion consisted of knowingly obtaining property in the form of a cash payment of approximately $100 from Individual A, whom defendant JEROME MCGEE understood to be a narcotics dealer, with Individual A's consent obtained under color of official right;

In violation of Title 18, United States Code, Section 1951(a).

## COUNT FIVE

The SPECIAL SEPTEMBER 1999 GRAND JURY further charges:

On or about March 1, 1996, at Robbins, in the Northern District of Illinois, Eastern Division,

### JEROME MCGEE,

defendant herein, attempted to commit extortion which would have affected commerce, which attempted extortion consisted of knowingly obtaining property in the form of a cash payment of approximately $100 from Individual A, whom defendant JEROME MCGEE understood to be a narcotics dealer, with Individual A's consent obtained under color of official right;

In violation of Title 18, United States Code, Section 1951(a).

## COUNT SIX

The SPECIAL SEPTEMBER 1999 GRAND JURY further charges:

On or about March 7, 1996, at Robbins, in the Northern District of Illinois, Eastern Division,

### JEROME MCGEE,

defendant herein, attempted to commit extortion which would have affected commerce, which attempted extortion consisted of knowingly obtaining property in the form of a cash payment of approximately $100 from Individual A, whom defendant JEROME MCGEE understood to be a narcotics dealer, with Individual A's consent obtained under color of official right;

In violation of Title 18, United States Code, Section 1951(a).

<u>COUNT SEVEN</u>

The SPECIAL SEPTEMBER 1999 GRAND JURY further charges:

From on or about March 15, 1996 to on or about March 19, 1996, at Robbins, in the Northern District of Illinois, Eastern Division,

JEROME MCGEE,

defendant herein, attempted to commit extortion which would have affected commerce, which attempted extortion consisted of knowingly obtaining property in the form of a cash payment of approximately $200 from Individual A, whom defendant JEROME MCGEE understood to be a narcotics dealer, with Individual A's consent obtained under color of official right;

In violation of Title 18, United States Code, Section 1951(a).

## COUNT EIGHT

The SPECIAL SEPTEMBER 1999 GRAND JURY further charges:

On or about March 21, 1996, at Robbins, in the Northern District of Illinois, Eastern Division,

### JEROME MCGEE,

defendant herein, attempted to commit extortion which would have affected commerce, which attempted extortion consisted of knowingly obtaining property in the form of a cash payment of approximately $200 from Individual A, whom defendant JEROME MCGEE understood to be a narcotics dealer, with Individual A's consent obtained under color of official right;

In violation of Title 18, United States Code, Section 1951(a).

## COUNT NINE

The SPECIAL SEPTEMBER 1999 GRAND JURY further charges:

On or about April 19, 1996, at Robbins, in the Northern District of Illinois, Eastern Division,

JEROME MCGEE,

defendant herein, attempted to commit extortion which would have affected commerce, which attempted extortion consisted of knowingly obtaining property in the form of a cash payment of approximately $100 from Individual A, whom defendant JEROME MCGEE understood to be a narcotics dealer, with Individual A's consent obtained under color of official right;

In violation of Title 18, United States Code, Section 1951(a).

## COUNT TEN

The SPECIAL SEPTEMBER 1999 GRAND JURY further charges:

On or about May 10, 1996, at Robbins, in the Northern District of Illinois, Eastern Division,

JEROME MCGEE,

defendant herein, attempted to commit extortion which would have affected commerce, which attempted extortion consisted of knowingly obtaining property in the form of a cash payment of approximately $250 from Individual A, whom defendant JEROME MCGEE understood to be a narcotics dealer, with Individual A's consent obtained under color of official right;

In violation of Title 18, United States Code, Section 1951(a).

## COUNT ELEVEN

The SPECIAL SEPTEMBER 1999 GRAND JURY further charges:

On or about May 30, 1996, at Robbins, in the Northern District of Illinois, Eastern Division,

JEROME MCGEE,

defendant herein, attempted to commit extortion which would have affected commerce, which attempted extortion consisted of knowingly obtaining property in the form of a cash payment of approximately $200 from Individual A, whom defendant JEROME MCGEE understood to be a narcotics dealer, with Individual A's consent obtained under color of official right;

In violation of Title 18, United States Code, Section 1951(a).

## COUNT TWELVE

The SPECIAL SEPTEMBER 1999 GRAND JURY further charges:

On or about June 6, 1996, at Robbins, in the Northern District of Illinois, Eastern Division,

JEROME MCGEE,

defendant herein, did knowingly sell and otherwise dispose of a firearm, namely a .22 caliber revolver bearing serial number Z019966, and nine rounds of .22 caliber ammunition, to Individual A, knowing and having reasonable cause to believe that said individual had been convicted of a crime punishable by imprisonment for a term exceeding one year, and that said individual was then under indictment for a crime punishable by imprisonment for a term exceeding one year;

In violation of Title 18, United States Code, Section 922(d).

A TRUE BILL:

_____
Foreperson

ACTING  United States Attorney

25

No.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

vs.

JEROME MCGEE

## INDICTMENT

Violations: Title 18, United States Code,
Section 922(d), 1951 & 1962(c); Title 21
United States Code, Section 846.

A true bill, _____

_____
Foreman

Filed in open court this __12th__ day of

A.D. July 2000

## MICHAEL W. DOBBINS

by _____
Clerk

Bail, $ _____

PO 880.320

RECEIVED

JUL 1 2 2000

MAGISTRATE JUDGE EDWARD A. BOBRICK
UNITED STATES DISTRICT COURT